**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4532

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHELLY ANNE LEIPHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00019-TSK-MJA-1)

Submitted:  August 30, 2023                     Decided:  September 11, 2023

Before GREGORY, RICHARDSON and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, Wheeling, West Virginia, United States Attorney, Sarah E. Wagner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shelly Anne Leipham was convicted on three counts of wire fraud, in violation of 18 U.S.C. § 1343, five counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). She was sentenced to 87 months' imprisonment. On appeal, Leipham argues that the district court erred by admitting at trial incriminating statements she made to law enforcement after her arrest and prior to receiving warnings in accordance with *Miranda v. Arizona,* 384 U.S. 436 (1966). We affirm.

We review a district court's legal conclusions underlying a suppression determination de novo and its factual findings for clear error. *United States v. Guijon-Ortiz*, 660 F.3d 757, 762 (4th Cir. 2011). A defendant subject to custodial interrogation must be advised of her *Miranda* rights. *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019). "*Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *United States v. Bernard*, 927 F.3d 799, 806 (4th Cir. 2019) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)); *see also United States v. Bell*, 901 F.3d 455, 463–64 (4th Cir. 2018) (holding that subtle compulsion alone is insufficient to qualify an officer's remarks as interrogation under *Innis*). However, "when the police have no reason to expect that a question will lead a suspect to incriminate himself, that question cannot constitute an interrogation under *Miranda*." *United States v. Johnson*, 734 F.3d 270, 277 (4th Cir. 2013). Moreover, "the failure to administer a *Miranda* warning . . .

2

is harmless if it is clear that a rational factfinder would have found the defendant guilty absent the error." *Bernard*, 927 F.3d at 807.

After reviewing the record, we conclude that the district court did not err in admitting the contested statements. Although Leipham was in custody at the time she made the incriminating statements, neither was she subject to interrogation, nor did the officers make any statements to Leipham that were designed to elicit a response or incriminating statements for purposes of *Miranda*. Here, any error in introducing the statements was harmless given the substantial evidence linking Leipham to her crimes.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*